**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

v.

No. 10 CR 333-3
Judge James B. Zagel

ADOLFO LOPEZ-GARCIA.

## MEMORANDUM OPINION AND ORDER

Defendant previously received a non-Guidelines sentence pursuant to 18 U.S.C. § 3553 and *Booker.* Specifically, Defendant faced a range of 188 months to 235 months of imprisonment under the Guidelines, but the Court, citing *Booker* and consideration of 18 U.S.C. § 3553 factors, imposed a sentence of 135 months of imprisonment. Defendant's newly calculated guideline range is 151 months to 188 months of imprisonment. Defendant's sentence as previously imposed by the Court, therefore, is below the low-end of the amended guideline range.

Defendant is ineligible even though, at the original sentencing proceeding, I departed below the guideline range because I found that the offense level overstated the offense conduct regarding Defendant's role. Application note 1 of the applicable version of § 1B1.10 (Nov. 1, 2011) (emphasis added) provides that the "applicable guideline range" means "the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

My departure at the original sentencing does not alter the fact that Defendant was subject to a guideline range that has not been changed by Amendment 750, and § 3582(c) provides no relief to Defendant. I deny Defendant's motion.

ENTER:

James B. Zagel
United States District Judge

DATE: January 19, 2016